# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532
DIRECT (914) 586-7047  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Lisa M. Rolle  |  Partner  |  lrolle@tlsslaw.com

June 4, 2020

**VIA ECF**

The Honorable Pamela K. Chen
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Matter:    *Nina Kerman v. InterContinental Hotels Group Resources LLC*
           Docket No.:   20-CV-01085-PKC-PK
           TLSS File No.:  349.0010

Your Honor:

    This letter is submitted pursuant to paragraph 3.A of Your Honor's Individual Practices and Rules on behalf of Defendant InterContinental Hotels Group Resources, LLC for a pre-motion conference or an order setting a motion schedule. As summarized below, with the Court's authority, Defendant will move for an order dismissing the complaint pursuant to Fed. R. Civ. P. §12(b)(2) and §12(b)(6) or, alternatively, for *forum non conveniens*.

## *Pleading*

    Plaintiff commenced this personal injury action by filing a complaint on February 27, 2020. Docket No. 1 – Complaint. Upon information and belief, Defendant was served on May 14, 2020 (no proof of service has been filed), providing Defendant until June 4, 2020 to appear. Accordingly, this application for a pre-motion conference is timely.

    The Complaint asserts a single negligence claim ostensibly under New York law. Plaintiff alleges that she slipped and fell on March 17, 2017 near the spa area at the Crown Plaza Dead Sea Hotel located in Ein Bokok 86930, Israel (the "subject premises"). She claims that the incident resulted from Defendant's negligent ownership, leasing, operation, management, control, repair or inspection of the subject premises. Plaintiff, a New York citizen, invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a) on the basis that Defendant is a foreign business entity incorporated in Delaware with its principal place of business in Georgia.

## *Lack of Personal Jurisdiction*

    As an initial matter, Defendant denies that it owned, operated or inspected, or had a meaningful connection to, the subject premises. The subject premises is a franchised location, and the licensee is Africa-Israel Hotels Limited, an Israeli entity. The licensor of the subject premises on the date of the incident was IHG Hotels Limited, a United Kingdom entity that is not registered in the United States and does not conduct business in the United States.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com   CALIFORNIA

Matter: *Kerman v. InterContinental Hotels Group Resources LLC*
Docket No. 20-cv-01085-PKC-PK
Page 2

Notwithstanding, Defendant is a foreign limited liability corporation that was not registered to do business in New York on the date of the incident. Defendant will submit appropriate proof of the foregoing in its motion. A District Court may look to extrinsic matters outside of the complaint when deciding a motion under Fed. R. Civ. P. §12(b)(2). *Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019).

### *Failure to State a Cause of Action*

The Complaint fails to state a cause of action under the applicable law, warranting dismissal. When deciding a motion under Fed. R. Civ. P. §12(b)(6), the Court determines whether a complaint sufficiently alleges facts giving rise to a claim plausible on its face. *Cherry v. Sposato*, No. 15 Civ. 1832 (JMA) (ARL), 2015 WL 2089588, *2 (E.D.N.Y. May 5, 2015). However, "[b]efore the Court can decide whether Plaintiff[] ha[s] stated a claim, it must decide which jurisdiction's law applies[.]" *Kashef v. BNP Paribas SA*, No. 16 Civ. 3228 (AJN), 2020 WL 1047573, *4 (S.D.N.Y. March 3, 2020). Under New York's choice of law rule, because the alleged the alleged tortious conduct and resultant injury occurred in Israel, it is Israeli law that governs. *Norte v. Worldbusiness Capital, Inc.*, No. 14 Civ. 10143 (CM), 2015 WL 7730980, *12 (S.D.N.Y. Nov. 24, 2015) ("the locus of the tort is the controlling factor under New York choice of law analysis").[1]

Plaintiff asserts a single cause of action for negligence ostensibly under New York law. Thus, the complaint fails to allege a cause of action under Israeli law on its face. Notwithstanding, section 35 of the Civil Wrongs Ordinance in Israel governs a negligence claim and, roughly similar to American tort law, requires a duty and a breach to that duty that causes injury to another. *Lelchook v. Islamic Republic of Iran*, 393 F.Supp.3d 261, 268 (E.D.N.Y. 2019); *Wultz v. Islamic Republic of Iran*, 755 F.Supp.2d 1, 57-58 (D.D.C. 2010); *see* CA 1617/04 *Chim-Nir Flight Services Ltd. v. The Tel Aviv Stock Exchange Ltd.* [2008] IsrSC ¶17.[2] However, whereas American tort law addresses the issue of foreseeability in the context of legal causation, Israeli courts rely on foreseeability to determine both duty and causation. Moreover, duty is divided into duty in fact and notional duty. *Lelshook*, 393 F.Supp.3d at 268; *Wultz*, 755 F.Supp.2d at 58.

Notwithstanding, even a liberal construction of the factual allegations do not support a claim under Israeli law. "While detailed factual allegations are not required, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Cherry*, 2015 WL 2089588 at 2 (internal quotation marks, brackets and citations omitted).

Simply put, Plaintiff has not met the standard to establish a duty under Israeli law. Plaintiff's bare allegations that Defendant owed a duty arising out of, among other things, ownership, maintenance, repair and inspection regarding the subject premises, or that Defendant breached that duty, lack any cognizable factual allegation as to the issue of foreseeability.

Alternatively, Plaintiff's claim fails under New York law. The complaint must allege: (1) a duty as a matter of law; (2) a breach of that duty; and (3) the breach proximately caused the alleged damage. *Molina v. United States*, No. 11 Civ. 04097 (ERK), 2015 WL 4394045 (E.D.N.Y. July 16, 2015).

The foregoing discussion regarding foreseeability, as it relates to legal causation under New York law, is equally applicable here. However, with respect to a duty to exercise reasonable care, a plaintiff must allege

---

[1] Pursuant to Fed. R. Civ. P. §44.1, Defendant notices the Court and Plaintiff of its intent to rely on foreign law.

[2] English translation made available by the Supreme Court of Israel at
https://supremedecisions.court.gov.il/Home/Download?path=EnglishVerdicts\04\170\016\b10&fileName=04016170_b10.txt&type=2.

that the defendant created or had actual or constructive notice of a dangerous or defective condition, and that it failed to remedy said condition within a reasonable time. *Jiminez v. United States*, No. 11 Civ. 4593 (RJS), 2013 WL 1455267, *6 (S.D.N.Y. Mar. 25, 2013). The complaint omits, among other things, factual allegations as to the nature of the condition giving rise to the incident, the length of time said condition may have existed, and whether Defendant had actual or constructive notice of the condition.

### *Forum Non Conveniens*

Defendant will also seek dismissal on the ground of *forum non conveniens*. In determining whether *forum non conveniens* is an appropriate ground for dismissal, a court engages in a three-step analysis. *Tagger v. Strauss Group Ltd.*, No. 18 Civ. 2923 (BMC), 2018 WL 4356725, *5 (E.D.N.Y. Sept. 12, 2018). In the present case, all three factors weigh in favor of dismissal.

First, the Court determines the amount of deference to accord Plaintiff's choice of forum. *Id.* As noted above, Israeli law will govern this matter. Witnesses and evidence for pertinent issues, such as, *inter alia*, maintenance, repair and the condition of the property are primarily located in Israel. The law, regulation and documents will be primarily in Hebrew and require translation. Considerable expenses will be incurred in researching and translating the applicable Israeli law, which will require retention of Israeli counsel. Further, the operative facts and issues are all in Israel and bear virtually no connection to the United States or New York. These factors, among others, weigh against according deference to Plaintiff's choice of forum. *Id.*

The second factor concerns whether an adequate alternative forum exists. *Id.* This has been shown because Israeli law recognizes a negligence cause of action, and other courts in this jurisdiction have long acknowledged the adequacy of Israeli courts. *See id.* at 5, n. 9.

The third factor involves weighing certain public and private interests. *Id. at 5*. Generally, the analysis with regard to deference discussed above will inform the private interest prong. Regarding public interest, an Israeli court has a greater interest than this Court in determining whether an incident that occurred at a hotel in its jurisdiction gives rise to a violation of its laws. These reasons, *inter alia*, support the third prong. *See id.* at 5, n. 9.

### *Conclusion*

Based upon the foregoing, Defendant requests a pre-motion conference or, alternatively, an order setting a motion schedule. This matter is scheduled for an initial conference by telephone before the Honorable Peggy Kuo on July 1, 2020 at 10:00 a.m. Defendant is prepared to discuss the issues raised in this letter at the conference.

We appreciate Your Honor's consideration.

Respectfully submitted,

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Lisa M. Rolle*

Lisa M. Rolle