UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NINA KERMAN,

                      Plaintiff,

          - against -

INTERCONTINENTAL HOTELS GROUP
RESOURCES LLC,

                  Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1085 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Nina Kerman sues Defendant InterContinental Hotels Group Resources, LLC ("IHG") for negligence in operating a hotel in Israel.  Defendant moves to dismiss the Complaint under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for lack of personal jurisdiction and failure to state a claim on which relief can be granted, respectively, as well as under the rule of *forum non conveniens*.  Because the Court lacks personal jurisdiction over Defendant, the Court grants Defendant's motion to dismiss and dismisses the Complaint without prejudice.

## BACKGROUND

I.     **Factual Background**

The Complaint alleges the following facts, which the Court accepts as true for purposes of this motion.  *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

Plaintiff Nina Kerman is a resident of Queens, New York.  (Complaint, Dkt. 1, ¶ 6.)  On March 17, 2017, Plaintiff visited the Crowne Plaza Dead Sea Hotel ("Crowne Plaza") in Ein

Bokek, Israel.[1]  (*Id.* ¶ 16.)  While at or near the spa area of the resort, Plaintiff slipped and fell.

(*Id.* ¶ 20.)  As a result of her fall, Plaintiff "sustained severe and permanent personal injuries."  (*Id.*

¶ 28.)  Plaintiff alleges that she has "incur[red], and will continue to incur, expenses for medical

care and attention."  (*Id.* ¶ 24.)  The physicians from whom Plaintiff has obtained treatment for

injuries she suffered from the fall maintain offices within the Eastern District of New York.  (*Id.*

¶ 3.)

According to Plaintiff, Defendant owned and operated the Crowne Plaza at all relevant

times.  (*Id.* ¶ 18.)  Plaintiff alleges that Defendant is a limited liability company ("LLC")

"incorporated in Delaware with a princip[al] place of business in Georgia."  (*Id.* ¶ 2.)  While

Defendant is a foreign entity,[2] it "is duly authorized to do business in the State of New York."  (*Id.*

¶ 7.)

## II.    Procedural History

On February 27, 2020, Plaintiff filed a Complaint against Defendant.  (*See generally*

Complaint, Dkt. 1.)  The Complaint asserts one cause of action: that Defendant was negligent in

its operation of the Crowne Plaza.  (*Id.* ¶¶ 17–33.)  On June 4, 2020, Defendant moved for a pre-

motion conference regarding a proposed motion to dismiss the Complaint for lack of personal

jurisdiction, failure to state a claim, and *forum non conveniens*.  (Motion for Pre-Motion

Conference Regarding Motion to Dismiss ("Motion"), Dkt. 8.)  The Court construed Defendant's

motion for a pre-motion conference as a motion to dismiss and ordered supplemental briefing.

---

[1]  The Court notes that the Complaint refers to Ein Bokek as "Ein Bokok."  (*See, e.g.*, Dkt. 1, ¶¶ 9, 16.)

[2]  The term "foreign" refers to Defendant being a non-New York entity based on its state of incorporation and principal place of business, and is not based in any way on the Crowne Plaza being located in another country.

(6/25/2020 Docket Order.)   On July 1, 2020, the Court directed the parties to "engage in all discovery necessary to brief the Motion to Dismiss."  (7/1/2020 Minute Entry.)  Defendant and Plaintiff subsequently filed supplemental briefs on July 10, 2020, and July 24, 2020, respectively. (Defendant's Supplemental Brief ("Def.'s Supp."), Dkt. 11; Plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp."), Dkt. 12.)   On July 31, 2020, Defendant filed a reply to Plaintiff's opposition brief.  (Defendant's Reply to Plaintiff's Opposition ("Def.'s Reply"), Dkt. 14.)

## DISCUSSION

Defendant raises three grounds for dismissal of the Complaint: (1) lack of personal jurisdiction pursuant to FRCP 12(b)(2); (2) failure to state a plausible claim for relief pursuant to FRCP 12(b)(6); and (3) *forum non conveniens*.  (*See generally* Motion, Dkt. 8; Def.'s Supp., Dkt. 11.)  Because the Court concludes that it lacks personal jurisdiction over Defendant, it dismisses the Complaint on that ground without reaching the other two.[3]

---

[3] Although neither party raises the issue of subject-matter jurisdiction, the Court may raise the issue *sua sponte*.  *Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002) (citing Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)).  Subject-matter jurisdiction in this case is premised on diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of the parties.  *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  The parties appear to agree that there is complete diversity because Plaintiff is a citizen of New York, while Defendant is an LLC formed in Delaware with its principal place of business in Georgia.  (*See* Complaint, Dkt. 1, ¶ 2; Def.'s Supp., Dkt. 11, at 2–3.)  Yet, "the citizenship of a limited liability company is determined by the citizenship of each of its members."  *Carter v. HealthPort Techs. LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (collecting cases). There are no factual allegations in the Complaint or the parties' briefing regarding the citizenship of Defendant's members.  Nevertheless, because the Court determines that it plainly lacks personal jurisdiction, it exercises its discretion to dismiss the Complaint without prejudice on that basis. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding that "there is no unyielding jurisdictional hierarchy").

## I.      Legal Standard

On an FRCP 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the plaintiff

bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins.*

*Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citation omitted).  Where, as here,

there has been an opportunity for discovery but no evidentiary hearing, a plaintiff's burden is

simply to make "a prima facie showing of jurisdiction through its own affidavits and supporting

materials." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.

1999) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).  At this

stage, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted

by the defendant[]" and "all factual disputes are resolved in the plaintiff's favor." *Seetransport*

*Wiking Trader Schiffarhtsgesellschaft MBH & Co. v. Navimpex Centrala Navala*, 989 F.2d 572,

580 (2d Cir. 1993) (citation omitted).

"[R]esolving questions of personal jurisdiction in a diversity action" proceeds in "a two-

part inquiry." *Metro. Life*, 84 F.3d at 567.  First, the plaintiff must show "that the defendant is

amenable to service of process under the forum state's laws," *i.e.*, that the defendant can be reached

by the forum state's jurisdiction. *Id.*  Second, the plaintiff must "demonstrate that the exercise of

personal jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*,

883 F.3d 68, 82 (2d Cir. 2018) (citation omitted).

There are two varieties of personal jurisdiction: specific and general.  Specific jurisdiction

is that which "aris[es] out of or [is] related to the defendant's contacts with the forum." *Metro.*

*Life*, 84 F.3d at 567–68.  General jurisdiction, on the other hand, exists where the defendant's

"general business contacts with the forum" are so extensive or exceptional as to "permit[] a court

to exercise its power in a case where the subject matter of the suit is unrelated to those contacts."

*Id.* at 568 (citation omitted).  Neither variety of personal jurisdiction exists in this case.

4

## II.      Specific Jurisdiction

New York's long-arm statute, Civil Practice Law & Rules § 302(a), specifies the contacts

with New York sufficient to trigger a court's specific jurisdiction over a defendant.  *See Sole*

*Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  It states that

a court may exercise personal jurisdiction over an out-of-state defendant where the defendant:

> 1. transacts any business within the state or contracts anywhere to
> supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of
> action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person
> or property within the state, except as to a cause of action for
> defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in
>> any other persistent course of conduct, or derives
>> substantial revenue from goods used or consumed or
>> services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to
>> have consequences in the state and derives
>> substantial revenue from interstate or international
>> commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

Plaintiff does not make clear which provisions of § 302(a) apply in this case; rather, she

simply argues that "Defendant did business in New York." (*See* Pl.'s Opp., Dkt. 12, at 2.)  Thus,

it appears that Plaintiff asserts personal jurisdiction based on subparagraph 1, *i.e.*, that Defendant

"transacts [] business within the state." *See* N.Y. C.P.L.R. § 302(a)(1).  A defendant "transacts

business within the state" under § 302(a)(1) if it commits "some act by which [it] purposefully

avails itself of the privilege of conducting activities within [New York], thus invoking the benefits

and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)

(quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967)).  According to Plaintiff, Defendant's business activities within New York "are neither accidental nor coincidental," but instead "are directed at advertising and drawing business to [Defendant's] establishments world-wide."  (Pl.'s Opp., Dkt. 12, at 3.)  Additionally, Defendant allegedly "is engaged in world-wide and local hospitality and markets itself as such here in New York through agents commonly known in New York as *Holiday Inn* and *Holiday Express*."  (*Id.*)

Even where a defendant purposefully transacts business within New York, however, "the claim asserted must arise from that business activity" for jurisdiction under § 302(a)(1) to be established.  *Sole Resort*, 450 F.3d at 103 (citing *McGowan v. Smith*, 52 N.Y.2d 268, 272–73 (1981)).  A plaintiff's claim arises from a defendant's contacts with New York if, "in light of all the circumstances, there [is] an articulable nexus or substantial relationship" between the asserted claim and the defendant's contacts.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339 (2012) (internal quotation marks and citations omitted); *accord Sole Resort*, 450 F.3d at 103.  "[C]ausation is not required"; the standard merely connotes "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former."  *Licci*, 20 N.Y.3d at 339.  This standard is met where "at least one element [of the plaintiff's cause of action] arises from the New York contacts."  *D&R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 299 (2017) (quoting *Licci*, 20 N.Y.3d at 341).  While this standard is "relatively permissive," claims that are "too attenuated" or "merely coincidental" do not suffice.  *Id.* (first quoting *Licci*, 20 N.Y.3d at 339; and then quoting *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005)).

In the case of a foreign[4] tort, generally either the duty that was breached or the injury to the plaintiff must have originated in New York to satisfy § 302(a)(1).  *See Pichardo v. Zayas*, 122 A.D.3d 699, 701 (N.Y. App. Div. 2014), *perm. app. denied,* 26 N.Y.3d 905 (2015).  In *Pichardo*, for example, the defendants hired the plaintiff in New York to perform some work on their house in New Jersey.  *See* 122 A.D.3d at 700.  While working, the plaintiff cut himself on a defective saw and subsequently sued in New York.  *See id.* at 700–01.  The Appellate Division held that, although "the agreement to perform the subject work on the [defendants]' property was reached in New York," jurisdiction under § 302(a) could not lie because "the alleged duty owed by the [defendants] to the plaintiff, the alleged breach of that duty, and the plaintiff's injury all arose or occurred in New Jersey."  *Id.* at 701 (citation omitted).  Thus, "the plaintiff failed to demonstrate a sufficient relationship between the [defendants]' activities in New York and the causes of action asserted in the complaint."  *Id.* at 701–02 (citations omitted).

Likewise, here, the relationship between Plaintiff's claim of negligence and Defendant's alleged contacts with New York is too attenuated to establish specific jurisdiction under § 302(a)(1).  Plaintiff's allegations, at best, indicate that Defendant is involved in the hospitality business and markets itself as such in New York under the brands "Holiday Inn" and "Holiday Express."  (Complaint, Dkt. 1, ¶ 7; Pl.'s Opp., Dkt. 12, at 3.)  Nevertheless, Plaintiff provides no basis to conclude that there is any sort of nexus between Defendant's alleged business activity in New York and Plaintiff's alleged injury in Israel.  Rather, as in *Pichardo*, Plaintiff's suit alleges that Defendant breached a duty to maintain a foreign premises safely and the duty, breach, and injury all arose or transpired in the foreign forum.  (*See* Complaint, Dkt. 1, ¶¶ 18–22); *Pichardo*,

---

4   Again, the term "foreign" refers to being outside New York and not necessarily international, even though, here, the alleged tort occurred outside the United States.

122 A.D.3d at 701. This does not "demonstrate a sufficient relationship between the [defendant's]

activities in New York and the causes of action asserted in the complaint." *Pichardo*, 122 A.D.3d

at 702. In essence, it is "merely coincidental" that Defendant conducts business in New York for

the purposes of Plaintiff's alleged injury.[5] *Licci*, 20 N.Y.3d at 340 (citing *Johnson*, 4 N.Y.3d at

520). Plaintiff's negligence claim accordingly does not arise from Defendant's purported contacts

with New York, and the requirements of § 302(a)(1) are not satisfied.[6] *See id.* at 339–40; *see also*

*Sole Resort*, 450 F.3d at 103. For the same reason, specific jurisdiction over Defendant in this

case does not comport with due process. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–

73 (1985) (holding that the Due Process Clause requires that defendants "have fair warning that a

particular activity may subject them to the jurisdiction of a foreign sovereign," and that "this fair

warning requirement is satisfied if the defendant has purposefully directed his activities at residents

---

[5]  Although it is immaterial to the Court's determination, the Court notes that Defendant asserts that this is a case of mistaken identity. Allegedly, Plaintiff has conflated Defendant with a sister corporate subsidiary and with the owner of the "Holiday Inn" brand. (Motion, Dkt. 8, at 1; Def.'s Reply, Dkt. 14, at 2.) Defendant also submits an affidavit from Randall S. Hammer, a Vice President and Secretary for Defendant, stating that Defendant "did not own, lease, operate, manage, control, maintain, repair, inspect or license the subject premises." (Affidavit of Randall S. Hammer, Dkt. 11-1, ¶ 7.) In short, according to Defendant, Plaintiff's allegations have no factual basis. The Court does not resolve this issue because even accepting Plaintiff's allegations as true, the allegations do not show that Plaintiff's claim of negligence, based on events in Israel, arises from Defendant's alleged contacts with New York.

[6]  The Court does not understand Plaintiff to make any assertion of personal jurisdiction on the basis that Defendant "owns, uses or possesses any real property situated within the state," C.P.L.R. § 302(a)(4), but to the extent Plaintiff does, such an argument fails because none of Plaintiff's allegations show that the alleged claim of negligence arises out of any ownership, use, or possession of real property by Defendant in New York. *See, e.g.*, *Hopstein v. Cohen*, 143 A.D.3d 859, 860 (N.Y. App. Div. 2016) ("The fact that the [defendant] may have owned property in New York at some time does not establish jurisdiction under CPLR 302 where, as here, the plaintiff['s] negligence cause of action against the defendant did not arise out of such ownership of property, but rather, the operation of [the defendant's] vehicle in New Jersey." (citations omitted)).

of the forum and the litigation results from alleged injuries that arise out of or relate to those activities" (alteration, internal quotation marks, and citations omitted)).

Accordingly, the Court cannot exercise specific jurisdiction under New York law over Defendant.

### III.    General Jurisdiction

Where a plaintiff's suit is premised on the court's "general jurisdiction," that is to say, it does not assert that the "in-state activities of the corporate defendant . . . gave rise to the liabilities sued on," the plaintiff must show that the corporate defendant's contacts with the forum were "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014) (alteration, internal quotation marks, and citations omitted).  The paradigmatic forums where a corporate defendant is essentially at home are "where it is incorporated" and where it "has its principal place of business."  *Id.* at 137.  "Only in the 'exceptional' case will" a corporate defendant be essentially at home in any other jurisdiction.  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (citing *Daimler*, 571 U.S. at 139 n.19); *accord In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 39 (2d Cir. 2014) (per curiam).[7]

Plaintiff's allegations in the Complaint are insufficient to establish that Defendant is "essentially at home" in New York, and so are insufficient to establish general jurisdiction. *Daimler*, 571 U.S. at 122.  Plaintiff asserts that Defendant is at home in New York because, although it is a foreign entity, it is "authorized to do business in the State of New York" and "has

---

[7] Courts in this district have applied the same "essentially at home" standard established in *Daimler* to cases specifically involving LLC defendants. *See, e.g.*, *Jean-Louis v. Carrington Mortg. Servs.*, 19-CV-4302 (ILG), 2020 WL 1042644, at *3 (E.D.N.Y. Mar. 4, 2020); *Justiniano v. First Student Mgmt. LLC*, No. 16-CV-2729 (ADS) (AKT), 2017 WL 1592564, at *4 (E.D.N.Y. Apr. 26, 2017).

9

a 'massive presence'" in the state. (Pl.'s Opp., Dkt. 12, at 2–3). Even assuming that Plaintiff's

assertions are true,[8] however, they do not elevate Defendant's relationship with New York to the

level of "essentially at home." Plaintiff does not contend that Defendant's operations were directed

from New York. *Cf. Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 448 (1952) (concluding

that Ohio courts could exercise general jurisdiction over a foreign corporation where the president

of the company, during wartime, "carried on in Ohio a continuous and systematic supervision of

the necessarily limited wartime activities of the company"). Rather, Plaintiff merely argues that

Defendant is at home in New York because it carries on significant business in the state, an

argument rejected repeatedly by the Second Circuit. *See, e.g.*, *Chufen Chen v. Dunkin' Brands,*

*Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) ("Plaintiffs contend that Dunkin Donuts is a franchisor with

numerous retail establishments in New York, . . . but they made no showing that the company's

relationship with New York was in any way significant or exceptional in relation to the company's

nationwide business activity. Accordingly, plaintiffs failed to allege facts upon which the exercise

of general jurisdiction would be appropriate." (internal quotation marks and citations omitted));

*Gucci Am. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (concluding that a bank that "has

branch offices in the forum, but is incorporated and headquartered elsewhere," was not subject to

general jurisdiction in New York); *Brown*, 814 F.3d at 630 ("[G]iven that it is common for

corporations to have presences in multiple states . . . , general jurisdiction would be quite the

*opposite* of 'exceptional' if such contacts were held sufficient to render the corporation 'at home'

in the state." (emphasis in original)); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d

221, 226 (2d Cir. 2014) ("[E]ven a company's engagement in a substantial, continuous, and

---

[8] According to Defendant, Plaintiff's assertion that Defendant's contacts with New York are "massive" is based on a misconception. *See supra* note 5.

systematic course of business is alone insufficient to render it at home in a forum." (alteration, internal quotation marks, and citation omitted)).

Accordingly, the Court lacks general jurisdiction over Defendant.

## CONCLUSION

Defendant's motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Plaintiff's Complaint is dismissed.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 11, 2021
Brooklyn, New York